UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TODD BIGELOW,

                                                      17 Civ. 1975 (PLF)

                Plaintiff,
  - against -

TOM GARRETT and TOM GARRETT FOR
CONGRESS,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS OR TRANSFER THIS ACTION

      Plaintiff Todd Bigelow respectfully submits this Memorandum in opposition to defendants' motion for an order 1) dismissing this action for lack of personal jurisdiction over them and 2) transferring the action to the Western District of Virginia. In a separate motion (Docket No. 8) plaintiff seeks an order, <u>inter alia</u>, staying defendants' motion pending disposition of our motion and completion of proceedings responsive to that disposition; and 2) authorizing jurisdictional discovery with respect to the facts relevant to defendants' motion.

<u>The Currently Known Factual Background</u>

      On the current record, not supplemented by jurisdictional discovery, this is what we know:1) defendant Committee was (apparently) formed and conducted business for the sole purpose of electing defendant Garrett to Congress in the 2016 election; 2) defendant Garrett was the subject and beneficiary of, and presumably responsible for, the business activities of defendant Committee; 3) more than one-third of defendants' total expenditures were made to persons and entities within the District of Columbia; 4) those payments were for, <u>inter alia</u>, "media ad-

vertising," "advertising," "fundraising," and "direct mail services," professional services that were clearly integral and crucial to the defendants' sole business purpose and to their business activities in furtherance of that purpose; 5) defendants solicited funds from persons and entities in the District of Columbia and received at least $5,700 from such persons and entities; 6) defendants registered and filed documents with the Federal Elections Commission, which is based in the District of Columbia; 7) we believe it is a fair inference that defendants had direct business/professional relationships with the National Republican Congressional Committee and the Republican National Committee, both of which are based in the District of Columbia; and 7) indeed, the entire -- the sole -- goal and purpose of defendants' business activities was to secure for defendant Garrett employment based in the District of Columbia.

The facts concerning defendants' extensive contacts with the District of Columbia set forth above were also set forth in support of plaintiff's separate motion (Docket No. 8). On December 12, 2017, defendants filed a Memorandum (but not a declaration) in opposition to that motion (Docket No. 10). We believe it is telling, if not dispositive, that defendants do not even attempt to refute those facts, which at this point at least stand entirely undisputed.

The Motion to Dismiss

The first basis for personal jurisdiction over defendants is that this Court has "general jurisdiction" over them. As the D.C. Circuit has presented the applicable law:

> District of Columbia law also permits courts to exercise "general jurisdiction" over a foreign corporation as to claims not arising from the corporation's conduct in the District, if the corporation is "doing business" in the District. See D.C. Code § 13-334(a); [other citations omitted].
>
> Under the Due Process Clause, such general jurisdiction over a foreign corporation is only permissible if the defendant's business contacts with the forum

> district are "continuous and systematic." [Citations omitted]
>
> Although on its face § 13-334(a) appears only to specify proper methods of service, the District of Columbia Court of Appeals has held that compliance with the statute gives rise to personal jurisdiction over a foreign corporation doing business in the District. [Citations omitted] (describing the required contacts for general jurisdiction as "continuous and substantial") . . . .
>
> The District of Columbia Court of Appeals has indicated that the reach of "doing business" jurisdiction under § 13-334(a) is coextensive with the reach of constitutional due process. [Citations omitted] ("We may find jurisdiction if [the defendant] … has 'been carrying on in [the District] a continuous and systematic, but limited, part of its general business.' " [Citations omitted].

Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 509-510 (D.C. Cir. 2002).

Based on what we already know about the single-purpose, time-limited defendant Committee, and by extension its namesake and responsible principal, we submit that this Court can conclude that personal jurisdiction exists over defendants because they have "been carrying on in [the District] a continuous and systematic, but limited, part of [their] general business.' "

Separately, we submit, this Court can also conclude that there is specific, long-arm jurisdiction over defendants in this case. Borrowing from defendants' Memorandum, the relevant law is as follows:

"The District of Columbia Circuit Court of Appeals has set forth a two-part inquiry for establishing personal jurisdiction over a non-resident defendant. First, a court must 'examine whether jurisdiction is applicable under the state's long-arm statute,' and second, 'determine whether a finding of jurisdiction satisfies the constitutional requirements of due process.' GTE New Media Servs. v. BellSouth Corp., 339 U.S. App. D.C. 332, 199 F.3d 1343, 1347 (D.C. Cir. 2000).

3

"The District of Columbia's long-arm statute, D.C. Code § 13-423 (2007), provides, in relevant part:

"(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's (1) transacting any business in the District of Columbia; (2) contracting to supply services in the District of Columbia; (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia."

Cornell v. Kellner, 539 F. Supp. 2d 311, 314-15 (D.D.C. 2008).

"The focus of personal jurisdiction is whether the defendant purposely directed its activities toward the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-76 (1985). Therefore, a non-resident defendant must have 'purposely availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws' for there to be personal jurisdiction. Hanson v. Denckla, 357 U.S. 235, 253 (1958)."

Based on the factual background as we now know it, and even without the requested jurisdictional discovery, we believe this Court can conclude that defendants "purposely directed" business activities to the District of Columbia and that they "purposely availed" themselves of the privilege of conducting activities within the District, "thus invoking the benefits and protections of its laws." We also believe on the current factual record that a) if any D.C.-based person or entity with whom defendants did business participated in the alleged infringements, long-arm jurisdiction exists under §13-423)(a)(1); b) to the extent plaintiff's copyright was in-

4

fringed within the District, as it apparently was, long-arm jurisdiction exists under §13-423(a)(3); and c) to the extent plaintiff's copyright was infringed within the District, as it apparently was, long-arm jurisdiction exists under §13-423)(a)(4).

But, notwithstanding the above, plaintiff further submits that the jurisdictional discovery he has separately requested will provide a more complete factual record on which the adjudication of defendants' motion to dismiss can be based.

The Motion to Transfer

The copyright infringements alleged in this action apparently occurred in the course of "media advertising," "advertising," "fundraising," and "direct mail" activities. And the currently-established factual record shows that people and entities within the District of Columbia rendered substantial services to defendants in those very categories. Thus, it appears that crucial witnesses -- perhaps the most crucial -- in this case are based in the District and nowhere else.

Further, we submit that this Court can take judicial notice of the fact that defendant Garrett's full-time employment -- his day job -- is based in the District, thus making it far more convenient for him if this case is litigated in this Court than elsewhere.

Further, to the extent defendants invoke the location of files and records, it is self-evident that those files and records can be produced and litigated just as easily in this Court as in any other district. And, as indicated above, the files and records of those persons and entities that provided professional services to defendants in the District of Columbia are presumably located only in the District.

Further, to the extent there are relevant files and records maintained by the National Republican Congressional Committee, the Republican National Committee, and the Federal

5

Elections Commission, those files and records are presumably located within the District, and nowhere else.

Except for jurisdictional issues, at least the liability aspects of this case do not appear to involve disputed facts. Defendants have already acknowledged that they repeatedly displayed plaintiff's copyrighted photo without his consent, thus establishing that they infringed that copyright. And, if defendants invoke the "fair use" defense, it also seems likely that that defense too will be adjudicated on undisputed facts.

And, finally, to the extent this case will require factual input from plaintiff, it also seems clear that this Court will be a far more convenient forum for him -- especially in terms of travel and access to counsel -- than would be the proposed transferee district.

Conclusion

For the forgoing reasons, plaintiff a) reiterates his belief that jurisdictional discovery is needed for a full record on which defendants' motion can be adjudicated, and b) believes that even on the incomplete factual record already established that motion should be denied.

Dated: December 13, 2017

                                        NORWICK & SCHAD

                                        By: s/ Kenneth P. Norwick
                                        110 East 59th Street
                                        New York, New York 10022
                                        (212) 751-4440
                                        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2017, a true copy of the foregoing document was filed with this Court's CM/ECF system which shall send a copy of the document to all counsel of record in this action.

*s/ Kenneth P. Norwick*
NORWICK & SCHAD
110 East 59th Street
New York, NY 10022
(212) 751-4440
ken@norwickschad.com
Attorney for Plaintiff